NOT RECOMMENDED FOR PUBLICATION
OR CITATION AS AUTHORITY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO. 05-CV-155-HRW

ROGER GLEN KORNEGAY                                               PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN                                                    RESPONDENT

Roger Glen Kornegay, an individual currently incarcerated in the Federal Correctional Institution ("FCI") in Ashland, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the district court filing fee.

The petition is before the Court for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS AND ALLEGATIONS

The petitioner claims that he has served his federal sentence but he is still being held in prison, pursuant to a detainer placed on him by the United States Parole Commission [hereinafter "the Commission"], without the timely revocation hearing to which he is entitled.

The following is a summary or construction of the allegations contained in the original petition, its attachments, and a letter, which the Court liberally construes to be an amendment to the petition. Record Nos. 1-2.

Petitioner Kornegay was arrested on May 22, 2002, and while he was in the county jail, the Commission lodged a detainer against him, charging that he had violated the conditions of his parole.[1] He was convicted of possession of counterfeit corporate checks in the United States District Court for the Southern District of Mississippi on January 30, 2003. The docket of that court reveals that on February 6, 2003, Judgment was entered in *United States v. Roger Kornegay*, No. 3:02-CR-085-WHB-1. He was sentenced to 44 months' imprisonment and 3 years of supervised release. *Id.,* Record No. 18.

Upon the petitioner's placement in the Bureau of Prisons' ("BOP") Ashland facility later in 2003, the Commission lodged the parole violator detainer with the BOP. The petitioner alleges that he then sought and was granted court-appointed counsel to represent him before the Commission. He attaches a copy of an Order of January 5, 2004, signed by the undersigned, appointing counsel in *In re: Parole Violator, Roger Glen Kornegay,* Misc. No. 04-01, United States District Court for the Eastern District of Kentucky, Ashland Division.

Most recently, according to the petitioner, he "expired the 44 month federal sentence from MS on July 29, 2005," but Warden Terry O'Brien has refused to release him. In August, Petitioner Kornegay filed an Inmate Request to Staff, asking to be placed on FCI-Ashland's September parole hearing docket. He attaches a copy of his case manager's response, "that the U.S. Parole Commission was contacted and they were clear to request that we 'hold off' on placing on a docket at this point."

Three weeks later, claiming that he has done everything possible in requesting a hearing in

---

[1] The petitioner gives no information about the crime or sentence for which he was on parole. Westlaw, however, reveals that he has a prior conviction in the United States District Court for the Eastern District of Oklahoma, for interstate transportation and sale of a stolen farm tractor, a conviction which was affirmed on appeal, *United States v. Kornegay*, 885 F.2d 713 (10th Cir. 1989), *cert. denied*, 495 U.S. 935 (1990).

2

a timely manner, the petitioner filed the instant action. He seeks an Order directing the warden and the Commission to provide him with a hearing; and if they refuse to provide such a hearing "within the 90 day time period, as is required in 28 CFR Ch 1 2.49(f),"[2] then he seeks release, to begin his 3-year period of supervised release.

## DISCUSSION

Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. §2241. *See Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-954 (6th Cir. 1981) (per curiam); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they `exhaust their administrative remedies in accordance with Bureau of Prisons policy . . . .'").

The administrative remedies available to inmates confined in Bureau of Prisons institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§542.10-.19 (1998). Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See* §542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General

---

[2] 28 C.F.R. §2.49(f) specifically directs, ". . . Institutional revocation hearings shall be scheduled to be held within ninety days of the date of the *execution* of the violator warrant . . . ." *Id.* Thus, according to the petitioner's own time-line and the Commission's policy toward detainers in 28 C.F.R. §2.47(b)(1), the 90-day time period would not commence to run until July 29, 2005, the date upon which he was released from service of the sentence handed down in 2003. Therefore, the time for the Commission to act has not yet come to an end.

Counsel. *See* §542.15 (a) - (b).

Petitioner's attached August of 2005 request to his case manager shows that he started the BOP administrative procedures, but the petitioner does not demonstrate that he went any farther in the process. As a practical matter, between the August 30, 2005 staff response to his request and his September 20, 2005 filing of the instant action, the petitioner did not have time to reach the next 3 steps, *i.e.*, appealing to the warden, regional director, and national office, so as to have exhausted the BOP process.

Nor does the petitioner demonstrate that he has exhausted the Commission's administrative process, which is available to prisoners and set out in its regulations. Insofar a prisoner has been the recipient of an adverse federal parole determination,[3] he may bring a habeas corpus proceeding only after he has availed himself of the administrative procedures for review of that decision. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam); *see Talerico v. Warden, U.S. Penitentiary*, 391 F. Supp. 193 (M.D. Pa. 1975). The administrative remedy available to a parolee or prisoner who wants to appeal a decision regarding his parole is contained in 28 C.F.R. §2.26, providing that "[a] prisoner or parolee may submit to the National Appeals Board a written appeal of any decision to grant . . . , rescind, deny or revoke parole . . . ." Such an appeal must be filed within thirty (30) days of the date of entry of such decision. *Id.*

The petitioner in the case *sub judice* seeks to compel the warden and the United States Parole Commission to take certain actions, but he has not demonstrated that he first made the same requests

---

[3] The petitioner claims that the Commission issued a June 1, 2004 Notice of Action which stated that since the matter therein, whatever it was, "is **NOT APPEALABLE**, this court now has proper jurisdiction." He does not, however, provide a copy of the order, thus demonstrating how the lack of an administrative record handicaps the federal court later entertaining "the matter."

of the warden or the Commission administratively. Therefore, his claims are not properly before this Court, and they will be dismissed, without prejudice. One of the rationales for the judicial requirement of exhaustion of administrative remedies is to prepare a record for the Court. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

In short, a complete record regarding the instant claim is not yet before this Court. Until there is an administrative record, the Court will express no opinion on the merits of the petitioner's claim herein.

## CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** as follows:

(1)   The instant petition for writ of habeas corpus is **DENIED**; and

(2)   this action will be **DISMISSED**, *sua sponte,* from the docket of the Court and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This October 18, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge