**NOT RECOMMENDED FOR PUBLICATION
OR CITATION AS AUTHORITY**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND DIVISION

CIVIL ACTION NO. 05-CV-155-HRW

ROGER GLEN KORNEGAY                                              PETITIONER

VS:                     **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN                                                    RESPONDENT

**       **   **   **   **

This matter is before the Court on the petitioner's motion, as supplemented [Record Nos. 7-8], for this Court to reconsider its disposition of the instant *pro se* proceeding pursuant to 28 U.S.C. §2241.

In his original petition, filed on September 20, 2005, the petitioner claimed that he had served his federal sentence as of July 29, 2005, but he was still being held in prison, pursuant to a detainer placed on him by the United States Parole Commission [hereinafter "the Commission"], without the timely revocation hearing to which he is entitled. This Court dismissed Kornegay's petition, *sua sponte*, on the ground that the petitioner had failed to demonstrate that he exhausted administrative procedures of the Commission or of the Bureau of Prisons prior to the filing herein. Therefore, the Court dismissed the action, without prejudice to his bringing another petition after exhaustion.

In a timely motion to reconsider, the petitioner has acknowledged that he did not supply the Court with supporting documentation and this time he attaches exhibits, the first being the Commission's Notice of Action, dated June 1, 2004. It notified Kornegay that the Commission had

decided to let its detainer stand and that the decision was not appealable.  The second exhibit is the Commission's warrant, which has been marked as executed on Kornegay on July 29, 2005.

This Court has already noted that the 90 days for holding a revocation hearing had not yet expired, but the petitioner now points out, correctly, that another statute requires that he have notice of the hearing at least 30 days beforehand.  See 18 U.S.C. §4208(b).  Since his revocation should be held by October 29, 2005, he should have received notice thereof by September 29, 2005. Therefore, he argues, because he has not received notice, the hearing will obviously not be held within the statutory 90-day period.   He complains, "The Commission has not provided any administrative remedies" whereby he can demand the timely revocation hearing to which he is entitled.

While the motion to reconsider was being decided by the Court, the petitioner submitted a supplement to it.  Record No. 8.  In it, Kornegay relates a series of events which occurred at the prison as the October 29th deadline for the revocation hearing approached.  With only 3 days' notice and no opportunity to meet with an attorney, on October 27, 2005, his appointed attorney appeared for the revocation hearing.  They were granted a 5-minute break in which to consult and then the hearing proceeded, with the Hearing Examiner's purported admission that the hearing was being had "on the 90th day and at the last minute."

The petitioner claims that if he had been provided appropriate notice and access to his attorney, he would have had time to time to review the evidence and prepare for the hearing and "a more favorable outcome would have resulted in Kornegay's favor."  Therefore, because the hearing was in violation of federal statutes and obviously unfair, he asks the Court to take immediate action to bar the Commission's decision and enable him to be placed in supervised release status.

<u>DISCUSSION</u>

Even were the Court to reconsider the dismissal and consider the instant petition with the new information, the petitioner would still not be entitled to habeas relief.[1]

"[A] parolee is not entitled to habeas corpus relief when the Commission has failed to hold the revocation hearing within the statutory time limits, *unless* he can show both unreasonable delay and prejudice severe enough to render the revocation hearing inadequate." *Northington v. United Stqtes Parole Commission*, 587 F.2d 2 (6th Cir. 1978) (emphasis added); *Simulis v. Edwards*, 779 F.2d 52, 1985 WL 13858 (6th Cir. 1985) (unpublished) (same); *Taylor v. Ruffino*, 1994 WL 84932 (6th Cir. 1994) (unpublished) (same); *Prince v. Straub*, 78 Fed.Appx. 440 (6th Cir. 2003) (unpublished) (same), *cert. denied*, 540 U.S. 115 (2004).

The instant petitioner, therefore, is not entitled to an earlier release via a grant of a petition for writ of habeas corpus, because he has not shown a delay that was unreasonable and, most importantly, he has not shown how he was prejudiced. In fact, although he claims the result of the

---

[1] To the extent that Kornegay had desired only to compel that the hearing be had, a matter which is now moot, other circuits have considered what avenue a petitioner so situated would do. In *Heath v. United States Parole Commission*, 788 F.2d 85 (2nd Cir. 1986), the Second Circuit wrote as follows:

. . . [T]he appropriate remedy is not a writ of habeas corpus, but a writ of mandamus to compel compliance with the statute. We reach this conclusion because the legislative history of the Parol Commission and Reorganization Act of 1976, 18 U.S.C. §§ 4201 *et seq.* (1976), reveals the following statement of Senator Burdick:

If the Commission fails to act in accordance with these deadlines, the prisoner or parolee would not automatically be released from confinement, but he could compel the Commission to make their decision promptly.

. . . [I]f for some reason [the Commission is] unable to meet a time deadline, the prisoner or parolee could solicit the assistance of the court under existing section 28 U.S.C. 1361, which is an action in mandamus to compel an employee of the United States to perform his duty.

122 Cong.Rec. H1499, 1500 (daily ed. March 3, 1976) (statement of Representative Kastenmeier).

*Id.* at 89. *See also, Nabors v. Warden*, 989 F.2d 507 (10th Cir. 1993) (unpublished) (same).

3

hearing could have been better, he has not even revealed the result. The petitioner may not even know yet, if the Commission has not issued its Notice of Action. When he is informed of the Commission's decision, the Notice will tell him about his appeal rights. If he is permitted an appeal to the National Appeals Board, he must await its decision before the matter is justiciable in federal court.

As this Court informed Mr. Kornegay in its Order dismissing the instant cause of action, a habeas petitioner must exhaust his administrative remedies prior to filing a federal lawsuit. And one of the reasons for the exhaustion requirement is the preparation of a record for the Court's review. The instant petitioner still has not presented a complete record, since it lacks what the Commission decided, what the basis for that decision was, and whether the National Appeals Board found the decision appropriate.

The Court will therefore deny the petitioner's motion to reconsider its earlier dismissal, but will point out again that the dismissal was without prejudice to his right to bring a later action in federal court, after the matter is exhausted administratively.

Accordingly, after due consideration and the Court being advised, **IT IS HEREBY ORDERED** that the petitioner's motion for reconsideration, as supplemented [Record Nos. 7-8], is **DENIED**.

This November 9, 2005.



Signed By:

_Henry R Wilhoit Jr._

**United States District Judge**

4